# EXHIBIT A

## Proposed Order

010-8797-1852/1/AMERICAS

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Blackjewel, L.L.C., | ) | Case No. 19-bk-30289 |
| | ) | |
| Debtor. | ) | (Joint Administration Requested) |
| | ) | |
| FEIN: 26-3810823 | ) | |
| | ) | Chapter 11 |
| In re: | ) | |
| | ) | Case No. 19-_____ |
| Blackjewel Holdings L.L.C., | ) | |
| | ) | (Joint Administration Requested) |
| Debtor. | ) | |
| | ) | |
| FEIN: 30-0544745 | ) | |
| | ) | Chapter 11 |
| In re: | ) | |
| | ) | Case No. 19-_____ |
| Revelation Energy, LLC, | ) | |
| | ) | (Joint Administration Requested) |
| Debtor. | ) | |
| | ) | |
| FEIN: 82-0924605 | ) | |
| | ) | Chapter 11 |
| In re: | ) | |
| | ) | Case No. 19-_____ |
| Revelation Management Corporation, | ) | |
| | ) | (Joint Administration Requested) |
| Debtor. | ) | |
| | ) | |
| FEIN: 26-4488908 | ) | |

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| Revelation Energy Holdings, LLC, | ) Case No. 19-_____ |
|  | ) |
|  | ) (Joint Administration Requested) |
| Debtor. | ) |
|  | ) |
| FEIN: 32-0538795 | ) |

## ORDER DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES

Upon the motion (the "Motion") of the above-captioned Debtors[1] for entry of an order authorizing the joint administration of their chapter 11 cases pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1(b) for procedural purposes only, as set forth more fully in the Motion; and upon the First Day Declaration and first-day motions, filed contemporaneously with the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and consideration of the Motion and the relief requested therein being a core proceeding as defined in 28 U.S.C. § 157(b); and due and proper notice having been given to the parties listed in the Motion, and it appearing that no other or further notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interest of the Debtors, their estates, creditors and equity security holders; and upon all of the proceedings had before the Court and upon due deliberation and sufficient cause appearing therefo,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED**

1. The Motion is GRANTED as set forth herein.

2. The above-captioned cases shall be jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) under Case No. 19-bk-30289 (the "Lead Case").

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed in the Motion.

2

3. To effect joint administration, the following administrative procedures shall apply, but shall have no effect upon the substantive issues of the estates of the Debtors, either individually or collectively:

   a. All motions, pleadings, and other documents filed in the jointly administered case shall bear a combined caption as set forth in paragraph 4 below, except for the following:

      i. a motion which applies to fewer than all of the jointly administered debtors must clearly indicate in the caption and title to which debtor(s) the motion applies, but must still be filed in the Lead Case;

      ii. all proofs of claim must be filed in the specific case to which they apply;

      iii. amendments to schedules, statements, lists and other required documents under Rules 1002 and 1007 of the Federal Rules of Bankruptcy Procedures must be filed in the specific case to which the amendments apply.

   b. Debtors shall maintain adequate records regarding the assets of the respective Debtors' estates in order to protect the rights of joint creditors and separate creditors of these estates.

4. The caption of the jointly administered chapter 11 cases shall be:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Blackjewel, L.L.C., *et al.*, | ) | Case No. 19-bk-30289 |
| | ) | |
| Debtors.[1] | ) | (Joint Administration Requested) |

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Blackjewel, L.L.C. (0823); Blackjewel Holdings L.L.C. (4745); Revelation Energy Holdings, LLC (8795); Revelation Management Corporation

3

(8908) and Revelation Energy, LLC (4605). The headquarters of each Debtor is located at 1051 Main Street, Milton, West Virginia 25541-1215.

5.  A docket entry shall be made in each of the Debtors' chapter 11 cases to reflect the joint administration of these chapter 11 cases substantially as follows:

> An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Blackjewel, L.L.C. (0823); Blackjewel Holdings L.L.C. (4745); Revelation Energy Holdings, LLC (8795); Revelation Management Corporation (8908) and Revelation Energy, LLC (4605). All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, the chapter 11 case of Blackjewel, L.L.C. – Case No. 19-bk-30289.

6.  The Debtors shall maintain, and the Clerk of the United States Bankruptcy Court for the Southern District of West Virginia shall keep, one consolidated docket, one file and one consolidated service list.

7.  Nothing contained in this order shall be interpreted as directing or otherwise affecting the substantive consolidation of any of the above-captioned cases.

8.  The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this order in accordance with the motion.

9.  Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, this order shall be immediately effective and enforceable upon its entry.

10. The Court shall retain jurisdiction with respect to all matters pertaining to the interpretation and implementation of this order.